**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION**

DANE KNAPP,

      Plaintiff,

        v.                              CAUSE NO. 1:26-CV-127-TLS-APR

BRADY THOMAS, Z. SHIFFLETT, and K.
CARPER,

      Defendants.

**OPINION AND ORDER**

Dane Knapp, a prisoner without a lawyer, filed a complaint alleging he is not receiving medication for congestive heart failure. ECF 1. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, under 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

Knapp alleges K. Carper has "been failing [to] get" his medication and "been refusing to follow medical treatment plan put in place by my family doctor." ECF 1 at 3. As a pretrial detainee, the Fourteenth Amendment requires that Knapp receive constitutionally adequate medical care for his serious medical needs and jail staff are required to take "reasonable available measures" to address a "risk of serious harm" to his health or safety. *Pittman v. Madison Cnty.*, 108 F.4th 561, 572 (7th Cir. 2024). However, "'no prisoner is entitled to insist that one employee do another's job,' and the division of labor is critical to the efficient

functioning of the organization." *Aguilar v. Gaston-Camara*, 861 F.3d 626, 633 (7th Cir. 2017) (quoting *Burks v. Raemisch*, 555 F.3d 592, 594 (7th Cir. 2009). Merely alleging that K. Carper did not give him medication is too vague to plausibly state a claim. This brief complaint alleges K. Carper works at the jail, but it is unclear why Knapp believes this person is responsible for his medication. It is not clear if K. Carper is a guard, a nurse, or a janitor. Without more, it is not plausible to infer that K. Carper did not take reasonable measures to address a serious risk of harm to Knapp.

This complaint is short on facts, dates, and specifics about the medical treatment he received. It does not explain why K. Carper was responsible for his medication or even how K. Carper knew he needed medication. Based on what it does say, it is not plausible to infer that he did not receive constitutionally adequate medical care. A complaint must contain sufficient factual matter "to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Twombly*, 550 U.S. at 555 (quotation marks, citations and footnote omitted). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not shown—that the pleader is entitled to relief." *Iqbal*, 556 U.S. at 679 (cleaned up). Thus, "a plaintiff must do better than putting a few words on paper that, in the hands of an imaginative reader, *might* suggest that something has happened to her that

*might* be redressed by the law." *Swanson v. Citibank, N.A.*, 614 F.3d 400, 403 (7th Cir. 2010) (citation omitted).

Knapp also alleges Zach Shifflett did not respond to his complaint, but jail "grievance procedures are not mandated by the First Amendment and do not by their very existence create interests protected by the Due Process Clause, and so the alleged mishandling of [a prisoner's] grievances by persons who otherwise did not cause or participate in the underlying conduct states no claim." *Owens v. Hinsley*, 635 F.3d 950, 953 (7th Cir. 2011) (citations omitted). Knapp alleges Brady Thomas is in charge of the jail, but there is no supervisory liability under 42 U.S.C. § 1983. "Only persons who cause or participate in the violations are responsible." *George v. Smith*, 507 F.3d 605, 609 (7th Cir. 2007) (citations omitted). "[P]ublic employees are responsible for their own misdeeds but not for anyone else's." *Burks v. Raemisch*, 555 F.3d 592, 596 (7th Cir. 2009).

This complaint does not state a claim for which relief can be granted. If Knapp believes he can state a claim based on (and consistent with) the events described in this complaint, he may file an amended complaint because "[t]he usual standard in civil cases is to allow defective pleadings to be corrected, especially in early stages, at least where amendment would not be futile." *Abu-Shawish v. United States*, 898 F.3d 726, 738 (7th Cir. 2018). To file an amended complaint, he needs to write this cause number on a **Pro Se 14 (INND Rev. 2/20) Prisoner Complaint** form which is available from his law library. He needs to write the word "Amended" on the first page above the title "Prisoner Complaint" and send it to the court after he properly completes the form.

For these reasons, the court:

(1) GRANTS Dane Knapp until **May 22, 2026**, to file an amended complaint; and

3

(2) CAUTIONS Dane Knapp if he does not respond by the deadline, this case will be dismissed under 28 U.S.C. § 1915A without further notice because the current complaint does not state a claim for which relief can be granted.

SO ORDERED on April 23, 2026.

s/ Theresa L. Springmann
JUDGE THERESA L. SPRINGMANN
UNITED STATES DISTRICT COURT

4