**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF INDIANA**
**FORT WAYNE DIVISION**

DANE KNAPP,

      Plaintiff,

      v.                                                    CAUSE NO. 1:26-CV-127-TLS-APR

K. CARPER, BOWIN, and J. CARPENTER,

      Defendants.

**OPINION AND ORDER**

Dane Knapp, a prisoner without a lawyer, filed an amended complaint alleging he did not receive medication for congestive heart failure from January 28, 2026, to March 16, 2026. ECF 7. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, under 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

Knapp alleges K. Carper is a nurse practitioner or medical assistant. He alleged he told her about his needed medications on intake to the jail and other times, but she did not let him have them because Bowin did not authorize it. When he lost weight, he was given more food, but still denied him medication for his heart. As a pretrial detainee, the Fourteenth Amendment requires that Knapp receive constitutionally adequate medical care for his serious medical needs and jail staff are required to take "reasonable available measures" to address a "risk of serious harm" to his health or safety. *Pittman v. Madison County*, 108 F.4th 561, 572 (7th Cir.

2024). The allegation that he was merely given more food for his congestive heart failure plausibly alleges K. Carper denied Knapp constitutionally adequate medical treatment.

A private company performing a State function can be held liable to the same extent as a municipal entity under *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658 (1978). *Rice v. Corr. Med. Servs.*, 675 F.3d 650, 675 (7th Cir. 2012). Corporate "liability exists only when execution of a [corporation's] policy or custom . . . inflicts the injury." *Calhoun v. Ramsey*, 408 F.3d 375, 379 (7th Cir. 2005) (cleaned up). The allegation that Bowin prevented Knapp from receiving his medication plausibly alleges it was a custom or policy of that company that caused him to be denied his medication.

Knapp also sues Jail Commander J. Carpenter for not responding to his grievances, but jail "grievance procedures are not mandated by the First Amendment and do not by their very existence create interests protected by the Due Process Clause, and so the alleged mishandling of [a prisoner's] grievances by persons who otherwise did not cause or participate in the underlying conduct states no claim." *Owens v. Hinsley*, 635 F.3d 950, 953 (7th Cir. 2011) (citations omitted).

For these reasons, the court:

(1) GRANTS Dane Knapp leave to proceed against medical provider K. Carper in her individual capacity for compensatory and punitive damages for denying him constitutionally adequate medical treatment for congestive heart failure from January 28, 2026, to March 16, 2026, in violation of the Fourteenth Amendment;

(2) GRANTS Dane Knapp leave to proceed against the private company Bowin for compensatory and punitive damages because its policy or custom denied him

medication for congestive heart failure from January 28, 2026, to March 16, 2026, in violation of the Fourteenth Amendment;

(3) DISMISSES all other claims;

(4) DISMISSES J. Carpenter;

(5) DIRECTS the clerk, under 28 U.S.C. § 1915(d), to request Waiver of Service from (and if necessary, the United States Marshals Service to use any lawful means to locate and serve process on) medical provider K. Carper and private company Bowin at Quality Correctional Care, LLC, with a copy of this order and the amended complaint (ECF 7);

(6) ORDERS Quality Correctional Care, LLC to provide the full name, date of birth, and last known home (or business) address of any defendant who does not waive service if it has such information; and

(7) ORDERS, under 42 U.S.C. § 1997e(g)(2), K. Carper and Bowin to respond, as provided for in the Federal Rules of Civil Procedure and Northern District of Indiana Local Rule 10-1(b), only to the claims for which the plaintiff has been granted leave to proceed in this screening order.

SO ORDERED on July 29, 2026.

s/ Theresa L. Springmann
JUDGE THERESA L. SPRINGMANN
UNITED STATES DISTRICT COURT